Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

FT.MYERS Division

LEGAL MAIL
Provided to Florida State Prison on
6/7/18 for mailing by ___

COREY MILLEDGE

Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

J. WILLIS, WARDEN
KARA WILLIAMS, ASST. WARDEN

Defendant(s)

(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

" SEE ATTACHED "

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:18-CV-413-FtM-38CM

(to be filled in by the Clerk's Office)

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

2018 JUN 12 AM 11: 53

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

CONTINUANCE

BARRETT, CAPT.
CHERRY, SGT.
TRAYPMAN, SGT.
GAHRMANN, SGT.
M. BROOKS OFF
COTTE, OFF.
JOHN DOE #1, OFF.
JOHN DOE #2, LT.
JOHN DOE #3, NURSE
JOHN DOE #4, NURSE
JOHN DOE #5, NURSE
JOHN DOE #6, OFF.
DISCHIAVO, OFF.
DEFENDANTS

2

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: COREY MILLEDGE

All other names by which you have been known: NOT-APPLICABLE

ID Number: Q 12023

Current Institution: FLORIDA STATE PRISON

Address: P.O. BOX 800

RAIFORD      FL      32083
City      State      Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: J. WILLIS

Job or Title *(if known)*: WARDEN

Shield Number: UNKNOWN

Employer: CHARLOTTE CORRECTIONAL INSTITUTION

Address: 33123 OIL WELL ROAD

PUNTA GORDA      FL      33955
City      State      Zip Code

[✓] Individual capacity      [ ] Official capacity

Defendant No. 2

Name: KARA WILLIAMS

Job or Title *(if known)*: ASSISTANT WARDEN

Shield Number: UNKNOWN

Employer: CHARLOTTE CORRECTIONAL INSTITUTION

Address: 33123 OIL WELL ROAD

PUNTA GORDA      FL      33955
City      State      Zip Code

[✓] Individual capacity      [ ] Official capacity

Defendant No. 3
    Name                   BARRETT
    Job or Title *(if known)*   CAPTINE
    Shield Number         UNKNOWN
    Employer             UNKNOWN
    Address              ※※ UNABLE TO OBTAIN ADDRESS ※※

                             *City*           *State*         *Zip Code*
                   ☑ Individual capacity     ☐ Official capacity

Defendant No. 4
    Name                   CHERRY
    Job or Title *(if known)*   SERGEANT
    Shield Number         UNKNOWN
    Employer             CHARLOTTE CORRECTIONAL INSTITUTION
    Address              33123 OIL WELL ROAD
                       PUNTA GORDA    FL    33955
                             *City*           *State*         *Zip Code*
                   ☑ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     ☐ Federal officials (a *Bivens* claim)

     ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

EACH NAMED DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

CONTINUANCE

DEFENDANT NO. 5
  NAME
JOB OR TITLE (IF KNOWN)
SHIELD NUMBER
  EMPLOYER
  ADDRESS

TRAUPMAN
SERGEANT
UNKNOWN
CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD

| PUNTA GORDA | FL | 33955 |
|---|---|---|
| CITY | STATE | ZIP CODE |

☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT NO. 6
  NAME
JOB OR TITLE (IF KNOWN)
  SHIELD NUMBER
  EMPLOYER
  ADDRESS

GAHRMANN
SERGEANT
UNKNOWN
CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD

| PUNTA GORDA | FL | 33955 |
|---|---|---|
| CITY | STATE | ZIP CODE |

☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT NO. 7
  NAME
JOB OR TITLE (IF KNOWN)
SHIELD NUMBER
  EMPLOYER
  ADDRESS

M. BROOKS
CORRECTIONAL OFFICER
UNKNOWN
CHARLOTTE CORRECTIONAL INSTITUTION
33123 OIL WELL ROAD

| PUNTA GORDA | FL | 33955 |
|---|---|---|
| CITY | STATE | ZIP CODE |

☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

CONTINUANCE

DEFENDANT NO. 8
NAME                                COTTE
JOB OR TITLE (IF KNOWN)   CORRECTIONAL OFFICER
SHIELD NUMBER               UNKNOWN
EMPLOYER                        CHARLOTTE CORRECTIONAL INSTITUTION
ADDRESS                          33123 OIL WELL ROAD
                                      PUNTA GORDA      FL      33955
                                      CITY               STATE    ZIP CODE
                                      ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT NO. 9
NAME                                JOHN DOE #1
JOB OR TITLE (IF KNOWN)   CORRECTIONAL OFFICER
SHIELD NUMBER               UNKNOWN
EMPLOYER                        CHARLOTTE CORRECTIONAL INSTITUTION
ADDRESS                          33123 OIL WELL ROAD
                                      PUNTA GORDA      FL      33955
                                      CITY               STATE    ZIP CODE
                                      ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

DEFENDANT NO. 10
NAME                                JOHN DOE #2
JOB OR TITLE (IF KNOWN)   CORRECTIONAL LIEUTENANT
SHIELD NUMBER               UNKNOWN
EMPLOYER                        CHARLOTTE CORRECTIONAL INSTITUTION
ADDRESS                          33123 OIL WELL ROAD
                                      PUNTA GORDA      FL      33955
                                      CITY               STATE    ZIP CODE
                                      ☑ INDIVIDUAL CAPACITY ☐ OFFICIAL CAPACITY

6

CONTINUANCE

DEFENDANT NO. 11
NAME                                    JOHN DOE #3
JOB OR TITLE (IF KNOWN)     NURSE
SHIELD NUMBER                  UNKNOWN
EMPLOYER                           CHARLOTTE CORRECTIONAL INSTITUTION
ADDRESS                             33123 OIL WELL ROAD

PUNTA GORDA          FL          33955
CITY                         STATE      ZIP CODE
☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY


DEFENDANT NO. 12
NAME                                    JOHN DOE #4
JOB OR TITLE (IF KNOWN)     NURSE
SHIELD NUMBER                  UNKNOWN
EMPLOYER                           CHARLOTTE CORRECTIONAL INSTITUTION
ADDRESS                             33123 OIL WELL ROAD

PUNTA GORDA          FL          33955
CITY                         STATE      ZIP CODE
☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY


DEFENDANT NO. 13
NAME                                    JOHN DOE #5
JOB OR TITLE (IF KNOWN)     NURSE
SHIELD NUMBER                  UNKNOWN
EMPLOYER                           CHARLOTTE CORRECTIONAL INSTITUTION
ADDRESS                             33123 OIL WELL ROAD

PUNTA GORDA          FL          33955
CITY                         STATE      ZIP CODE
☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY

CONTINUANCE

DEFENDANT   NO. 14
NAME                                         JOHN DOE # 6
JOB OR TITLE ( IF KNOWN)   CORRECTIONAL OFFICER
SHIELD NUMBER                      UNKNOWN
EMPLOYER                               CHARLOTTE CORRECTIONAL INSTITUTION
   ADDRESS                              33123  OIL WELL ROAD
                                              PUNTA GORDA        FL      33955
                                               CITY              STATE    ZIP CODE
                                              ☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY


DEFENDANT   NO. 15
NAME                                         DISCHIAVO
JOB OR TITLE ( IF KNOWN)   CORRECTIONAL OFFICER
SHIELD NUMBER                      UNKNOWN
EMPLOYER                               CHARLOTTE CORRECTIONAL INSTITUTION
   ADDRESS                              33123 OIL WELL ROAD
                                              PUNTA GORDA    FL   33955
                                               CITY          STATE  ZIP CODE
                                              ☑ INDIVIDUAL CAPACITY  ☐ OFFICIAL CAPACITY


8

NOT - APPLICABLE

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

PLAINTIFF ALLEGES FACTS SHOWS EACH NAMED
DEFENDANT ACTED UNDER COLOR OF LAW. THOSE
FACTS SET FORTH ON PAGES # 11-25 BELOW.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

NOT — APPLICABLE

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

THE INCIDENT COMPLAINED OCCURRED AT
CHARLOTTE CORRECTIONAL INSTITUTION ON AUGUST
15, 2017. THAT FACT SET FORTH ON PAGE # 11 BELOW.

9

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

THE INCIDENT COMPLAINED OF OCCURRED AT CHARLOTTE CORRECTIONAL INSTITUTION ON AUGUST 15, 2017. THAT FACT SET FORTH ON PAGE #11 BELOW.

D.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

PLAINTIFF ALLEGES FACTS TO SUPPORT HIS CLAIMS AGAINST EACH NAMED DEFENDANT. THOSE FACTS SET FORTH ON PAGES #11-25 BELOW.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

AS A RESULT OF ATTACKS HEREIN, PLAINTIFF SUFFERED INJURIES TO HIS EYES, SHOULDERS, HANDS, FINGERS, RIBS, AND BACK; CAUSING HIM EXCRUCIATING PAIN. THAT FACT SET FORTH ON PAGE #18 BELOW.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

DECLARATION THAT DEFENDANTS VIOLATED PLAINTIFF RIGHTS; COMPENSATORY DAMAGES AND PUNITIVE DAMAGES AND NOMINAL DAMAGES AGAINST EACH OF THE DEFENDANTS HEREIN; A TRIAL BY JURY ON ALL ISSUES SO TRIABLE; AND ANY ADDITIONAL RELIEF THIS COURT DEEM JUST, PROPER, AND EQUITABLE.

# FACTS

1. PLAINTIFF COREY MILLEDGE IS AN INMATE IN THE FLORIDA DEPARTMENT OF CORRECTIONS WHO IS SERVING A (15) YEAR PRISON SENTENCE FOR THE CHARGES OF: FELONY BATTERY; BATTERY ON SPECIFIED EMPLOYEE; BATTERY ON INMATE; BATTERY ON A LAW ENFORCEMENT; AND POSSESSION OF CONTRAND.

2. AT ALL TIMES RELEVENT TO THE INCIDENTS HEREIN, PLAINTIFF COREY MILLEDGE WAS THIRTY (30) YEAR OLD, WITH HEIGHT OF 5'7", AND WEIGHING 155 POUND'S.

3. ON AUGUST 15, 2017, PLAINTIFF COREY MILLEDGE WAS AN INMATE AT THE CHARLOTTE CORRECTIONAL INSTITUTION. ON THAT PARTICULAR DAY, DEFENDANT CORRECTIONAL OFFICER DISCHIAVO AND OTHER OFFICERS BEAT MILLEDGE FOR NO REASON. AS A RESULT, MILLEDGE WAS SERIOUSLY INJURED.

4. PRIOR TO THE INCIDENT IN QUESTION, MILLEDGE HAD A CONVERSATION WITH DEFENDANT'S ASSISTANT WARDEN KARA WILLIAMS AND WARDEN J. WILLIS BETWEEN AUGUST 7-11, 2017. DURING THE CONVERSATIONS, MILLEDGE VERBALLY TOLD DEFENDANTS WILLIAMS AND WILLIS THAT HE FEARED FOR HIS LIFE AND REQUESTED TO BE PLACE IN PROTECTIVE CUSTODY OR TO BE TRANSFER TO ANOTHER INSTITUTION

CONTINUANCE

DUE TO OFFICER DISCHIAVO THREATENED HIM SAYING "I'M FUCK YOUR BITCH ASS UP WHEN THE OPPORTUNITY PRESENT ITSELF CAUSE I HEARD YOU A SNITCH WHO LIKE TO WRITE GRIEVANCES AGAINST OFFICERS AND I DONT LIKE THAT." MILLEDGE ALSO TOLD DEFENDANTS WILLIAMS AND WILLIS THAT CORRECTIONAL SERGEANT TRAUPMAN THREATENED HIM SAYING "I'M FUCK YOU UP SOON CAUSE YOU LABEL ASS A SNITCH WHO LIKE TO WRITE GRIEVANCES AND FILE LAWSUITS AGAINST OFFICERS. YOU BETTER KEEP YOUR EYES OPEN. I GOT SOMETHING IN STORE FOR YOU. YOU CANT STAY ON THIS COMPOUND, REMEMBER THAT."

5. ON THE ABOVE DATE, MILLEDGE WALKED TO THE PRISON DINNING HALL TO RETRIEVE HIS LUNCH MEAL. MILLEDGE EAT HIS LUNCH MEAL AND WALKED OUT OF THE DINNING HALL. SERGEANT TRAUPMAN STOP MILLEDGE IN FRONT OF THE DINNING HALL. SERGEANT TRAUPMAN PATTED MILLEDGE DOWN. NO WEAPON OR CONTRAND WAS FOUND. SERGEANT TRAUPMAN THEN PICKED UP A HOMEMADE WEAPON FROM OFF THE GROUND. SERGEANT TRAUPMAN SAID TO MILLEDGE "THIS YOUR KNIFE." DEFENDANT CORRECTIONAL OFFICER COTTE THEN PLACED HANDCUFFS ON MILLEDGE. SERGEANT TRAUPMAN THEN TOLD OFFICER DISCHIAVO THAT HE FIXING TAKE MILLEDGE TO THE CAPTINE'S OFFICE AND BEAT HIS ASS CAUSE HE TIRED OF MILLEDGE ALWAYS GETTING SLICK WITH HIM. OFFICERS COTTE ,

CONTINUANCE

DISCHIAVO, AND SERGEANT TRAUPMAN ESCORTED MILLEDGE TO THE CAPTINE'S OFFICE.

6. OFFICERS COTTE, DISCHIAVO, AND SERGEANT TRAUPMAN THEN TOOK MILLEDGE TO THE STAFF'S TRAINING ROOM BUILDING CONNECTED TO THE CAPTINE'S OFFICE. OFFICER COTTE REMOVED MILLEDGE'S HANDCUFFS. ONCE THE HANDCUFFS WAS REMOVED, DEFENDANT CORRECTIONAL OFFICERS JOHN DOE #1, DISCHIAVO, COTTE, SERGEANT TRAUPMAN, AND CORRECTIONAL SERGEANT CHERRY STARTED PUNCHING MILLEDGE IN THE FACE, HEAD, RIBS, BACK, AND OTHER PARTS OF HIS BODY WHILE DEFENDANT CORRECTIONAL CAPTINE BARRETT AND LIEUTENANT JOHN DOE #2 STOOD BY WATCHING AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

7. OFFICERS JOHN DOE #1, COTTE, DISCHIAVO, SERGEANT TRAUPMAN, AND SERGEANT CHERRY CONTINUED TO BEAT MILLEDGE. CAPTINE BARRETT AND LIEUTENANT JOHN DOE #2 CONTINUED TO WATCH. IN THE PROCESS OF DOING THAT, MILLEDGE WAS KNOCKED TO THE GROUND. AS MILLEDGE LAY ON THE GROUND, OFFICERS JOHN DOE #1, COTTE, DISCHIAVO, SERGEANT TRAUPMAN, AND SERGEANT CHERRY, TOOK TURNS, KICKED MILLEDGE IN THE HEAD, RIBS, BACK, AND OTHER PARTS OF HIS BODY WHILE CAPTINE

CONTINUANCE

BARRETT AND LIEUTENANT JOHN DOE #2 CONTINUED TO WATCH.

8. THE BEATING AGAINST MILLEDGE CEASED. ONE OF THE OFFICER PLACED HANDCUFFS AND LEG SHACKLES ON MILLEDGE. CAPTINE BARRETT AND LIEUTENANT JOHN DOE #2 THEN WALKED AWAY. AT THAT TIME, OFFICERS JOHN DOE #1, COTTE, DISCHIAVO, SERGEANT TRAYPMAN, AND SERGENT CHERRY TALKED AMONG THEMSELF ON, HOW TO COVER UP AND JUSTIFY THE USE-OF-FORCE AGAINST MILLEDGE.

9. CAPTINE BARRETT CAME BACK ON THE SCENE SHORTY THEREAFTER. AN OFFICER TURNED THE HANDHELD CAMERA ON AND PLACED IT ON MILLEDGE. OFFICER DISCHIAVO AND UNKNOWNED OFFICER ESCORTED MILLEDGE TO THE PRISON MEDICAL CLINIC.

10. MILLEDGE WAS STANDING AT THE MEDICAL CLINIC DOOR WAITING FOR THE DOOR TO OPEN, WHEN, ALL OF SUDDEN, OFFICER DISCHIAVO SLAMMED MILLEDGE ON THE GROUND. OFFICERS COTTE, UNKNOWNED OFFICER, AND CAPTINE BARRETT SAW THAT. MILLEDGE WAS THEN TAKEN TO THE MEDICAL ROOM. THE NURSES SAW MILLEDGE FOR POST USE-OF-FORCE PHYSICAL. DURING THAT,

CONTINUANCE

MILLEDGE TOLD DEFENDANTS JOHN DOE #3 AND JOHN DOE #4 WHO WAS NURSES AT THAT TIME, THAT HIS EYES, RIBS, AND BACK WERE CAUSING HIM "SEVERE" PAIN. BOTH NURSES TOLD MILLEDGE THAT THEY "DON'T CARE." MILLEDGE WAS THEN TAKEN TO THE CONFINEMENT UNIT AND PLACED IN HIS CELL. MILLEDGE'S HANDCUFFS AND LEG SHACKLES WAS EVENTUALLY REMOVED. THE OFFICERS INCLUDING CAPTINE BARRETT THEN WALKED AWAY.

11. LATER THAT DAY, MILLEDGE STOP DEFENDANT CORRECTIONAL OFFICER M. BROOKS AT HIS CELL DOOR, A1113. MILLEDGE TOLD OFFICER BROOKS THAT HE WAS DECLARING A MEDICAL EMERGANCY. OFFICER BROOKS PLACED HANDCUFFS AND LEG SHACKLES ON MILLEDGE. OFFICER BROOKS THEN ESCORTED MILLEDGE TO THE MEDICAL ROOM. ONCE INSIDE, DEFENDANT JOHN DOE #5 WHO WAS THE NURSE AT THAT TIME, ASKED MILLEDGE WHAT'S WRONG WITH HIM. MILLEDGE TOLD THE NURSE THAT HIS RIBS AND BACK WERE HURTING REALLY BAD. THE NURSE TOLD MILLEDGE THAT HE WAS "FINE" WITHOUT EVEN EXAIMING MILLEDGE'S BODY PARTS TO SEE IF MILLEDGE HAD ANY RANGE OF MOTION. THE NURSE THEN WALKED AWAY SAYING "I DON'T CARE ABOUT YOUR INJURIES, YOU SHOULDN'T HAVE ASSAULTED AN OFFICER."

CONTINUANCE

**12.** DEFENDANT CORRECTIONAL OFFICER JOHN DOE #6 CAME IN THE MEDICAL ROOM. JOHN DOE #6 SAID TO MILLEDGE "WE FIXING WHOOP YOUR ASS FOR ASSAULTING AN OFFICER TODAY." NEXT THING YOU KNOW, OFFICERS BROOKS, AND JOHN DOE #6 STARTED PUNCHING MILLEDGE IN THE HEAD, FACE, RIBS, BACK, AND OTHER PARTS OF HIS BODY WHILE MILLEDGE WAS IN HANDCUFFS AND LEG SHACKLES. DEFENDANT CORRECTIONAL **SERGEANT** GAHRMANN STOOD BY WATCHING FROM THE OFFICE STATION AND DID NOT INTERVENE WHEN HE HAD AN OPPORTUNITY TO DO SO. FURTHERMORE, SERGEANT GAHRMANN COULD HAVE INTERVENED BY **GETTING** ON HIS RADIO AND REQUESTING ASSISTANCE FROM THE OTHER OFFICERS.

**13.** OFFICERS BROOKS AND JOHN DOE #6 CONTINUED TO BEAT MILLEDGE WHILE MILLEDGE WAS IN HANDCUFFS AND LEG SHACKLES. SERGEANT GAHRMANN CONTINUED TO WATCH THE BEATING THAT LASTED AT LEAST (3) OR (4) MINUTES. MILLEDGE WAS EVENTUALLY KNOCKED TO THE GROUND. AS MILLEDGE LAY ON THE GROUND, OFFICERS BROOKS AND JOHN DOE #6, TOOK TURNS, KICKED MILLEDGE IN THE HEAD, RIBS, BACK, AND OTHER PARTS OF HIS BODY WHILE SERGEANT GAHRMANN CONTINUED TO WATCH.

**14.** THE BEATING AGAINST MILLEDGE CEASED. MILLEDGE THEN TOLD OFFICER BROOKS THAT HE IS GOING TO WRITE

CONTINUANCE

A GRIEVANCE ON HIM FOR ASSAULTING HIM. OFFICER BROOKS SAID TO MILLEDGE "THE WARDEN IS MY FRIEND, IF I FIND OUT YOU WROTE ME UP I'M GOING TO BEAT YOU EVERY CHANCE I GET." OFFICERS BROOKS AND JOHN DOE #6 THEN ESCORTED MILLEDGE TO HIS ASSIGNED CELL, A1113. MILLEDGE'S LEG SHACKLES WAS REMOVED. MILLEDGE THEN WALKED INTO THE CELL. THE CELL DOOR WAS SECURED. OFFICER JOHN DOE #6 REMOVED MILLEDGE'S HANDCUFFS THROUGH THE FLAP. ONCE THE HANDCUFFS WAS REMOVED, OFFICERS BROOKS AND JOHN DOE #6 SLAMMED MILLEDGE'S HANDS AND FINGERS IN THE FLAP AND STARTED PUSHING THE FLAP AGAINST MILLEDGE HANDS AND FINGERS WHEN MILLEDGE WAS NOT RESISTING THIS WAS CAPTURED ON THE SURVEILLANCE CAMERA'S AT CHARLOTTE CORRECTIONAL INSTITUTION. MILLEDGE REQUESTED THE SURVEILLANCE CAMERA'S TO BE WITHHELD FOR FURTHER EVIDENCE FOR LITIGATING PURPOSES.

15. THE UNLAWFULLY FORCE AGAINST MILLEDGE CEASED. THE FLAP WAS SECURED. OFFICERS BROOKS AND JOHN DOE #6 THEN WALKED AWAY. NEVERTHELESS, OFFICERS BROOKS AND JOHN DOE #6 FAILED TO INFORMED THEIR SHIFT SUPERVISOR THAT THEY USED FORCE ON MILLEDGE THROUGH THE FLAP WHEN THE FLORIDA DEPARTMENT OF CORRECTIONS RULES OR POLICIES REQUIRES THAT. OFFICERS BROOKS AND JOHN DOE #6 KNOWINGLY AND

CONTINUANCE

RECKLESSLY DISREGARDED THAT.

16. SERGEANT GAHRMANN CAME ON THE WING SHORTY THEREAFTER. MILLEDGE STOP SERGEANT GAHRMANN AT HIS CELL DOOR AS HE DOING ROUNDS. MILLEDGE TOLD SERGEANT GAHRMANN THAT OFFICERS BROOKS AND JOHN DOE #6 SLAMMED HIS HANDS AND FINGERS IN THE FLAP AND THAT HE SEEKING MEDICAL ATTENTION BECAUSE HIS HANDS AND FINGERS WERE "HURTING". SERGEANT GAHRMANN RESPONDED BY TELLING MILLEDGE " THE OFFICERS DIDN'T SLAMMED YOUR HANDS IN THE FLAP." SERGEANT GAHRMANN THEN SAID TO MILLEDGE " I'M DENYING YOU MEDICAL ATTENTION." SERGEANT GAHRMANN THEN WALKED AWAY FROM MILLEDGE'S CELL DOOR.

17. AS A RESULT OF ATTACKS HEREIN, PLAINTIFF SUFFERED INJURIES TO HIS EYES, SHOULDERS, HANDS, FINGERS, RIBS, AND BACK; CAUSING HIM EXCRUCIATING PAIN.

18. PLAINTIFF MILLEDGE COMPLAINED AFTER THE INCIDENTS IN QUESTION, OF HAVING AGONIZING PAIN IN HIS RIBS AREA. THE DOCTOR BECAME AWARE OF THAT AND ORDERED A X-RAY. THE X-RAYS REPORTS REVEALED THAT MILLEDGE'S NINTH AND TENTH RIBS ON HIS LEFT SIDE WERE FRACTURE OR BROKEN.

CONTINUANCE

19. After the incident in question, Plaintiff Milledge has suffered SEVERE emotional distress, panic attacks and also suffers from terrifying, "FLASHBACKS" and "NIGHTMARES" from the physical abuse defendants subjected him to.

20. Plaintiff Milledge used the prison grievance system to exhaust his administrative remedies before filing this lawsuit. In fact, Milledge filed a formal grievance with the Secretary of the Florida Department of Corrections and also filed a formal grievance with the Warden. That formal grievance went unanswered after Milledge placed the grievance in the grievance box.

21. Every Correctional officer including defendants who worked at Charlotte Correctional Institution, had a duty to protect inmates like the Plaintiff and they refused to do so.

22. The defendants caused Plaintiff injuries, pain, suffering, embarrassment, humiliation, and emotional distress and also caused Plaintiff to be deprived of his rights under the EIGHTH AMENDMENT to the U.S. Constitution.

CONTINUANCE

## CLAIMS

### COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS BARRETT, COTTE, CHERRY, DISCHIAVO, TRAUPMAN, JOHN DOE #1, AND JOHN DOE #2.

23. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

24. DEFENDANTS BARRETT, COTTE, CHERRY, DISCHIAVO, TRAUPMAN, JOHN DOE #1, AND JOHN DOE #2 IN PHYSICALLY ABUSING OR FAILING TO INTERVENE IN THE PHYSICALLY ABUSE OF PLAINTIFF WERE IN VIOLATION OF THE **EIGHTH AMENDMENT** TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE AND CRUEL AND UNUSUAL PUNISHMENT.

25. DEFENDANTS COTTE, CHERRY, DISCHIAVO, TRAUPMAN, AND JOHN DOE #1 USED EXCESSIVE FORCE AGAINST PLAINTIFF. DEFENDANTS BARRETT AND JOHN DOE #2 WATCHED THE PHYSICAL ABUSE AGAINST PLAINTIFF AND DID NOT INTERVENE WHEN THEY HAD AN OPPORTUNITY TO DO SO.

26. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

CONTINUANCE

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS JOHN DOE #3, JOHN DOE #4, AND JOHN DOE #5.

27. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

28. DEFENDANTS JOHN DOE #3, JOHN DOE #4, AND JOHN DOE #5 IN FAILING TO PROVIDE MEDICAL TREATMENT OR INTENTIONALLY DENYING MEDICAL TREATMENT TO PLAINTIFF AFTER THEY WERE AWARE OF FACTS THAT GAVE RISE TO AN INFERENCE OF RISK OF SERIOUS HARM AND DREW THAT INFERENCE AS WELL WERE IN VIOLATION OF THE **EIGHTH AMENDMENT** TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

29. DEFENDANTS JOHN DOE #3, JOHN DOE #4, AND JOHN DOE #5 WERE AWARE OF PLAINTIFF'S INJURIES AND PAIN THE PRISON OFFICIALS CAUSED AND SHOWED DELIBERATE INDIFFERENCE TO THE INJURIES AND PAIN. MOREOVER, DEFENDANTS JOHN DOE #3, JOHN DOE #4, AND JOHN DOE #5 DID NOTHING TO ABATE PLAINTIFF'S PAIN AND SUFFERING.

30. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

CONTINUANCE

**COUNT III:** VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS BROOKS, GAHRMANN, AND JOHN DOE #6.

31. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

32. DEFENDANTS BROOKS, GAHRMANN, AND JOHN DOE #6 IN PHYSICALLY **ABUSING** OR FAILING TO INTERVENE IN THE PHYSICALLY ABUSE OF PLAINTIFF WERE IN VIOLATION OF THE **EIGHTH AMENDMENT** TO THE U.S. CONSTITUTION, PROHIBITING EXCESSIVE FORCE, AND CRUEL AND UNUSUAL PUNISHMENT.

33. DEFENDANTS BROOKS AND JOHN DOE #6 USED EXCESSIVE FORCE AGAINST PLAINTIFF. DEFENDANT GAHRMANN WATCHED PARTS OF PHYSICAL ABUSE AGAINST PLAINTIFF AND DID NOT INTERVENE WHEN HE HAD AN OPPORTUNITY TO DO SO.

34. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS.

CONTINUANCE

## COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT GAHRMANN.

35. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

36. DEFENDANT GAHRMANN IN INTENTIONALLY DENYING MEDICAL TREATMENT TO PLAINTIFF AFTER GAHRMANN WERE AWARE OF FACTS THAT GAVE RISE TO AN INFERENCE OF RISK OF SERIOUS HARM AND DREW THAT INFERENCE AS WELL WERE IN VIOLATION OF THE **EIGHTH** AMENDMENT TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

37. DEFENDANT GAHRMANN IGNORED PLAINTIFF REQUESTS FOR MEDICAL ATTENTION AFTER GAHRMANN WERE AWARE OF PLAINTIFF'S INJURIES AND PAIN.

38. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMTIONAL DISTRESS.

CONTINUANCE

## COUNT V: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS WILLIAMS AND WILLIS.

39. PLAINTIFF RE-ALLEGES THE FACTS AS IF FULLY SET FORTH HEREIN.

40. DEFENDANTS WILLIAMS AND WILLIS DELIBERATE INDIFFERENCE TO SUBSTANTIAL RISK OF HARM PLAINTIFF FACED WERE IN VIOLATION OF THE **EIGHTH AMENDMENT** TO THE U.S. CONSTITUTION, PROHIBITING CRUEL AND UNUSUAL PUNISHMENT.

41. THE COMPLAINED OF BEHAVIOR OF OFFICERS DISCHIAVO AND SERGEANT TRAUPMAN OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT CHARLOTTE CORRECTIONAL INSTITUTION UNDER DEFENDANTS WILLIAMS AND WILLIS SUPERVISION.

42. BEFORE THE INCIDENT TOOK PLACE ON AUGUST 15, 2017, DEFENDANT WILLIAMS AND WILLIS WERE AWARE THAT OFFICER DISCHIAVO THREATENED MILLEDGE SAYING "I'm FUCK YOUR BITCH ASS UP WHEN THE OPPORTUNITY PRESENT ITSELF CAUSE I HEARD YOU A SNITCH WHO LIKE TO WRITE GRIEVANCE AGAINST OFFICERS AND I DONT LIKE THAT."

43. PRIOR TO THE INCIDENTS IN QUESTION, DEFENDANTS WILLIAMS AND WILLIS WERE AWARE THAT SERGEANT TRAUPMAN THREATENED MILLEDGE SAYING "I'm FUCK YOU UP SOON CAUSE YOU LABEL AS

CONTINUANCE

A SNITCH WHO LIKE TO WRITE GRIEVANCES AND FILE LAWSUITS AGAINST OFFICERS. YOU BETTER KEEP YOUR EYES OPEN. I GOT SOMETHING IN STORE FOR YOU. YOU CANT STAY ON THIS COMPOUND, REMEMBER THAT."

44. DEFENDANTS WILLIAMS AND WILLIS DID NOTHING TO PROTECT MILLEDGE AFTER THEY WERE AWARE THAT OFFICERS DISCHIAVO AND SERGEANT TRAUPMAN HAD THREATENED TO HARM HIM.

45. THE ABOVE FACTS SUPPORT AN INFERENCE THAT DEFENDANTS WILLIAMS AND WILLIS KNEW THAT PLAINTIFF FACED A RISK OF SERIOUS HARM AND WERE DELIBERATE INDIFFERENT TO THE RISK OF HARM IN FAILING TO PROTECT PLAINTIFF. DEFENDANTS WILLIAMS AND WILLIS IN FAILING TO PROTECT PLAINTIFF ENABLE OFFICES DISCHIAVO AND SERGEANT TRAUPMAN WHO PHYSICALLY ABUSED MILLEDGE.

46. AS A RESULT OF THE WRONGFUL ACTS ALLEGED ABOVE, PLAINTIFF SUFFERED BODILY INJURIES AND PAIN AND SUFFERING AND EMBARRASSMENT AND HUMILIATION AND EMOTIONAL DISTRESS

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

CHARLOTTE CORRECTIONAL INSTITUTION.

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

26

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☐ No  ⟩  NOT – APPLICABLE

E.    If you did file a grievance:

1.    Where did you file the grievance?

PLAINTIFF FILED A FORMAL GRIEVANCE WITH THE WARDEN AT THE INSTITUTION AND WITH SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS. THAT FACT SET FORTH ON PAGE # 19 ABOVE.

2.    What did you claim in your grievance?

PLAINTIFF COMPLAINED ABOUT THE INCIDENT RELATING TO THIS COMPLAINT. THOSE FACTS SET FORTH ON PAGES # 11-25 ABOVE.

3.    What was the result, if any?

PLAINTIFF DONT RECALL.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

PLAINTIFF EXHAUSTED HIS ADMINSTRATIVE REMEDIES WHEN HE FILED A FORMAL GRIEVANCE AS REPRISAL NATURE WITH SECRETARY OF THE FLORIDA DEPARTMENT EVEN THOUGH HE FILED A FORMAL GRIEVANCE WITH THE WARDEN

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    **If you did not file a grievance:**

1.    If there are any reasons why you did not file a grievance, state them here:

✱ NOT - APPLICABLE ✱

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

✱ NOT - APPLICABLE ✱

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

✱ NOT - APPLICABLE ✱

(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

✱ NOT - APPLICABLE ✱

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)        ⚹ NOT - APPLICABLE ⚹
    Defendant(s)        _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    ⚹ NOT - APPLICABLE ⚹⚹

3.  Docket or index number    ⚹ NOT - APPLICABLE ⚹

4.  Name of Judge assigned to your case    ⚹ NOT - **APPLICABLE** ⚹

5.  Approximate date of filing lawsuit    ⚹ NOT - APPLICABLE ⚹

6.  Is the case still pending?

    ☐ Yes

    ☑ No

    If no, give the approximate date of disposition.    NOT - APPLICABLE

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    ⚹ NOT - APPLICABLE ⚹

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)   COREY MILLEDGE
     Defendant(s)   WALTER MCNEIL, ET AL

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     MIDDLE DISTRICT OF JACKSONVILLE

3.   Docket or index number
     CASE # 3:07-CV-976-J-34MCR.

4.   Name of Judge assigned to your case
     PLAINTIFF DONT RECALL.

5.   Approximate date of filing lawsuit
     PLAINTIFF DONT RECALL.

6.   Is the case still pending?
     ☐ Yes
     ☑ No

     If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*   A SETTLEMENT.

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): WALTER MCNEIL ET AL
2. COURT: MIDDLE DISTRICT OF JACKSONVILLE
3. CASE # 3:14-CV-248-J-32 MCR
4. NAME OF JUDGE ASSIGNED TO THE CASE: MONTE C. RICHARDSON
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: PLAINTIFF CASE STILL PENDING.
7. WHAT WAS THE RESULT OF THE CASE: NOT-APPLICABLE


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): KENNETH S. TUCKER
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4:12-CV-555-MP/CASE
4. NAME OF JUDGE ASSIGNED TO THE CASE: MAURICE M. PAUL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: DISMISSED


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): MICHAEL D. CREWS
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4:13-CV-406-MW-CAS
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: DISMISSED

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF (S):   COREY MILLEDGE
   DEFENDANT(S):    SECRETARY, DEPT OF CORR.
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4:14-CV-295-MW-GRJ
4. NAME OF JUDGE ASSIGNED TO THE CASE: GARY JONES
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: DISMISSED


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S):   COREY MILLEDGE
   DEFENDANT (S): GARY ENGLISH
2. COURT: NORTHERN DISTRICT OF TALLAHASSEE
3. CASE # 4:15-CV-577-WS/CAS
4. NAME OF JUDGE ASSIGNED TO THE CASE: CHARLES A. STAMPELOS
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECAL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: DISMISSED


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF (S):   COREY MILLEDGE
   DEFENDANT (S): EDWIN BUSS, ET AL
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 16-15681G
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: DISMISSED LACK OF JURISDICTION

CONTINUANCE

1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): KENNETH S. TUCKER, ET AL
2. COURT: MIDDLE DISTRICT OF JACKSONVILLE
3. CASE # 3:17-CV-483-J-39 MCR
4. NAME OF JUDGE ASSIGNED TO THE CASE: MONTE C. RICHARDSON
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: YES
7. WHAT WAS THE RESULT OF THE CASE: NOT-APPLICABLE


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): SEC'Y FOR DEPT OF CORR.
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 17-12244-F
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT: PLAINTIFF DONT RECALL
6. IS THE CASE STILL PENDING: NO
7. WHAT WAS THE RESULT OF THE CASE: PLAINTIFF DONT RECALL


1. PARTIES TO THE PREVIOUS LAWSUIT
   PLAINTIFF(S): COREY MILLEDGE
   DEFENDANT(S): GARY ENGLISH
2. COURT: THE ELEVENTH CIRCUIT
3. CASE # 18-12219-B
4. NAME OF JUDGE ASSIGNED TO THE CASE: PLAINTIFF DONT RECALL
5. APPROXIMATE DATE OF FILING LAWSUIT:
6. IS THE CASE STILL PENDING: YES
7. WHAT WAS THE RESULT OF THE CASE: NOT-APPLICABLE

**IX.   Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.   For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACTS ARE TRUE AND CORRECT.

Date of signing:   6 - 7 - 2018

Signature of Plaintiff   Corey Milledge

Printed Name of Plaintiff   COREY MILLEDGE

Prison Identification #   Q 12023

Prison Address   FLORIDA STATE PRISON
P.O. BOX 800
RAIFORD          FL          32083

|  | City | State | Zip Code |
|--|------|-------|----------|

**B.   For Attorneys**

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

|  | City | State | Zip Code |
|--|------|-------|----------|

Telephone Number   _____

E-mail Address   _____