UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:18-cv-00413-SPC-UAM

COREY MILLEDGE,

        Plaintiff,

v.

WILLIS, et al.,

        Defendants.
_____/

## DEFENDANT WARDEN WILLIS' RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant, WARDEN JOHN WILLIS, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 33 hereby serves *Defendant Warden Willis' Response to Plaintiff's First Request for Interrogatories.*

        Respectfully submitted,
        ASHLEY BROOKE MOODY
        ATTORNEY GENERAL

        s/MELISSA LYNN EGGERS
        Melissa Lynn Eggers (Fla Bar No.: 072506)
        Office of the Attorney General
        1515 North Flagler Drive, Suite 900
        West Palm Beach, FL 33401
        Telephone: 561-268-5218
        Facsimile: 561-837-5102
        Email:melissa.eggers@myfloridalegal.com
        ATTORNEY FOR DEFENDANT WILLIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August ____, 2020, I U.S. mailed the foregoing document to

Corey Milledge, DC# Q12023
Florida State Prison
P.O. Box 800

**Def MSJ BS# 004**

Raiford, FL 32083

/s/ *Melissa L. Eggers*
Melissa L. Eggers
Assistant Attorney General

**Def MSJ BS# 005**

## DEFENDANT WILLIS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. **Identify each person who has participate in answering these interrogatories.**

    Response: Myself and my attorney, Melissa Eggers.

2. **Please state the date(s), the name of the offence(s), the court, jurisdiction, and the disposition of the charge(s) for which you were arrested if you ever been arrested.**

    Response: None.

3. **Please state the date(s), the court, case number, jurisdiction of all the lawsuits filed against you involving or based on allegation(s) that you failed to protect an inmate, including the result of the lawsuit(s).**

    Response: Objection. I have been employed with FDC for 25 years and by nature of the various positions I've held, I have been named in numerous lawsuits. I do not maintain a log of lawsuits to which I have been named. Further, Department of Risk Management Services is also unable to provide a list of cases which I have been named in. A review of PACER and CCIS under the name 'John Willis' indicates the following as related to claims of failure to protect, I do not know if this list is exhaustive. Anything beyond this information is objected to as, unduly burdensome, irrelevant, and overbroad as to scope of time.

| Court | Case number | Date | Substance of allegations | Status |
|---|---|---|---|---|
| MDFL | 2:16-cv-0001-JES-MRM | 1/26/2016 | Plaintiff's Complaint contained allegations of excessive force but there were no allegations within the Complaint as to Willis | Dismissed at initial stages pursuant to the |

Def MSJ BS# 006

|  |  |  |  | PLRA. |
|---|---|---|---|---|
| MDFL | 2:17-cv-00232-JLB-MRM | 7/10/2017 | Plaintiff's Complaint alleges failure to protect, deliberate indifference, with excessive force as to officers. | Open |
| NDFL | 3:14-cv-00246-MD | 5/30/2014 | Court interpreted Plaintiff's allegation as to Willis under the theory of supervisory liability. | Dismissed at initial stages pursuant to the PLRA |
| SDFL | 1:11-cv-22992-UU Related/renumbered 1:12-cv-21867-UU | 8/17/11 | Supervisory liability with claims of excessive force towards others. Court interpreted Plaintiff's allegation as to Willis under the theory of supervisory liability. | Dismissed at initial stages pursuant to the PLRA. |

4. **Please state the date(s), name of inmate(s), the allegation(s), and result of the complaint if an inmate ever filed a grievance compliant against you involving or based on allegation(s) that you failed to protect an inmate.**

Response: Objection. Said request is unduly burdensome, irrelevant, and overbroad as to scope of time. I have been employed with FDC for 25 years, it would be unduly burdensome, costly, and would require an excessive amount of time to gather, obtain, and review any grievance which named myself during my career to discover if the allegations contained a failure to protect claim. Further, I do not recall being named in any grievance within the last ten years claiming failure to protect.

5. **Please state all position or rank you held while working for the Florida Department of Corrections, including the date(s) you held such position or rank.**

Response: I obtained the following ranks in the following facilities at the noted time:

| Rank | Facility | Approximate date rank |
|---|---|---|

|  |  | was obtained |
|---|---|---|
| Officer | Century | April 1991 |
| Sergeant | Century | June 1993 |
| Sergeant | Santa Rosa | January 1997 |
| Lieutenant | Santa Rosa | December 2002 |
| Captain | Century | May 2004 |
| Captain | Santa Rosa | September 2005 |
| Major | Holmes | November 2006 |
| Major | Okaloosa | August 2007 |
| Colonel | Martin | October 2007 |
| Assistant Warden | Martin | July 2008 |
| Warden | Everglades | November 2009 |
| Warden | Okaloosa | June 2011 |
| Warden | Charlotte | July 2015 |
| Warden | Avon | November 2018 |

6. **Describe all disciplinary or corrective actions against you during the time that you have worked for the Florida Department of Corrections, including the date of the incident on which the discipline arose and the disposition of the complaint.**

Response: One matter which arose out to Okaloosa in 2014 pertaining to claims that inmates be released from administrative confinement within procedural time frames.

7. **Describe in detail the chain of command at the Florida Department of Corrections, including those to whom you were subordinate and those who were subordinate to you in descending order on the date(s) of the incident sued upon.**

Response: The chain of command is as follows starting with the lowest level to the highest: Officer, Sergeant, Lieutenant, Captain, Major, Colonel, Assistant Warden, Warden. From that level, the Warden reports to the Regional Director and Assistant Regional Director. A chart of FDC organization is provided in Defendants' Response to Request for Production. See also § 20.315 Fla. Stat. for the statutory organization.

Def MSJ BS# 008

8. **Please state your duties when you were employed or working at Charlotte Correctional Institution in August 2017.**

> Response: See Defendants' Response to Request for Production which includes the duties and responsibilities of an FDC Warden. See also Fla. Admin. Code Ann. r. 33-208.001 for certain duties.

9. **Identify and describe all policies and procedures at the time of the incident(s) sued upon that must be followed by officers if an officer used force on inmate.**

> Response: See Fla. Admin. Code 33-602.210 generally and 33-602.210(9) for use of force procedures.
>
> Objection to the disclosure of any internal manuals, procedures, and/or policies as irrelevant, unduly burdensome, and prohibited from disclosure as disclosure would jeopardize the safety and security of FDC, FDC's current and former employees, FDC inmates, and FDC visitors; and said documentation is not maintained by the individual Defendants, as it is the property of the FDC agency. See generally, §945.10 Fla. Stat. and § 119.071, Fla. Stat. To protect the institutional security and unreasonable and excessive demands on personnel and resources, an inmate does not have unrestricted and unlimited access to department records. § 945.10(3) Fla. Stat. Documentation which would jeopardize a person's safety, reveal a victim's statement and identity, are not open to public records. § 945.10(1), Fla. Stat. See also § 119.071,(3) and (4), Fla. Stat., (prohibition of certain security and fire safety and agency personnel information). Said documents are not essential to plaintiffs cause of action and would jeopardize the security and safety of FDOC. See In re Sec'y, Florida Dep't of Corr., 2020 WL 1933170, at *1 (11th Cir. Mar.

Def MSJ BS# 009

30, 2020) (Release of sensitive information directly to represented Plaintiff-inmates was prohibited as it would cause a risk of safety and security to FDOC.) See also Ibanez v. Miller, 2009 WL 3481679, at *4 (E.D. Cal. Oct. 22, 2009) (Prison employees named in a 1983 action by pro se plaintiff-inmate were permitted to withhold prison documentation pertaining to alarms procedures as it would "jeopardize prison security and should be protected from disclosure under the Official Information Privilege.")

10. **Please describe in full detail all measure(s) you would take to protect an inmate if an inmate walked up to you at Charlotte Correctional Institution in August 2017, and advised you that officer had threatened to harm or assault him.**

Response: I am unable to answer this hypothetical question as there are various factors which would affect this response.

11. **Identify each person by name including a description of what the officers reported through incident reports and supplement reports relating to the incident(s) sued upon, giving all event(s) in detail in the order it was reported, before, at the time of, or after the occurrence which had any bearing on the cause and manner of the happening of the occurrence.**

Response: I have no independent recollection of this incident. Said information is contained within the incident reports, use of force reports, and disciplinary reports as well as the IG report, if one exists, all of which is provided in Defendants' Response to Request for Production.

Def MSJ BS# 010

12. **Please state the name(s), rank, and identification number of each officer and inmate who saw or heard or was in a position to see or hear or who is believed to have information about both of the incident(s) occurred on August 15, 2017.**

   Response: Plaintiff did not advise me of a need for protection as alleged in his Complaint. Further, I was not present during these alleged incidents and therefore do not have any personal knowledge of the requested information. Should this information exist, it would be contained within the incident reports, use of force reports, and disciplinary reports as well as the IG report, if one exists, all of which is provided in Defendants' Response to Request for Production.

13. **Please state the name, rank and identification number of each officer and inmate who wrote a statement or gave oral statement about both of the incident(s) sued upon.**

   Response: I am unaware of and do not recall any oral statement being made as to this incident. Said information is contained within the incident reports, use of force reports, and disciplinary reports as well as the IG report, if one exists, all of which is provided in Defendants' Response to Request for Production.

14. **Identify both of the nurses on the handheld camera who saw Plaintiff for a post use-of-force examination on the date of the incident in question.**

   Response: Said information would likely be contained within Plaintiff's medical records, post use of force medical evaluation. See Defendants' Response to Plaintiff's Request for Production. Additionally, the medical staff was staffed by a private entity at the time called Centurion. Therefore, any scheduling or logs of medical staff should be maintained by said

entity.

15. **Identify each lieutenant on duty on the date of the incident in question when Captain Barrette was on shift at the Charlotte Correctional Institution, including a description of the lieutenant race, height, and weight for identification purposes.**

> Response: Upon review of the security roster for that day, Lt. Keith Lodge worked that same shift, however, he was assigned to the mental health unit. I do not recall what he looked like.

16. **Please state the name, rank, and identification number of each prison official who was assigned to A-Dorm on the date of the incident in question when Sargent Gahrmann was on shift.**

> Response: On August 15, 2017 at the time of the incident, the officers assigned to work with Sgt. Gahrmann were Officer James Brooks and Officer Corey Plumey.

17. **Identify both of the officers who escorted plaintiff to the medical room when Plaintiff declared a medical emergency on the date of the incident in question.**

> Response: Said information would be contained within the medical filed of Plaintiff. Otherwise, I would not have direct knowledge of this information.

18. **Identify all the medical personnel at the Fawcett Memorial Hospital in Pt Charlotte, Florida who gave an opinion or made findings concerning Plaintiff's rib injuries between August 15, 2017 and November 1, 2017.**

> Response: I am not employed by Fawcett Memorial Hospital nor do I have any personal

knowledge of their medical records.

19. Please state all the medical personnel findings or conclusion concerning Plaintiff's rib injuries, including the dates and full name of medical personnel who made such findings or conclusions at the Fawcett Memorial Hospital in Pt Charlotte, Florida between August 15, 2017 and November 1, 2017.

Response: I am not employed by Fawcett Memorial Hospital nor do I have any personal knowledge of their medical records.

20. Please state the name of person, business address of the insurance company or agency that you rely on to cover for you or pay your debts if the court rendered a judgement against you for the allegation(s), and relief sought in Plaintiff's complaint.

Response: It is unclear what debts Plaintiff is referring to. Further, Plaintiff's attention is drawn to Sections 284.30 and 768.28, Fla. Stat. in regard regarding financial coverage for tort and civil rights actions brought against state employees.

21. Please state all the date(s) that Sergeant Traupman were on duty at Charlotte Correctional Institution between August 1-15, 2017.

Response: Sgt. Traupman was on duty August 4, 5, 6, 9, 10, 14, 15, 2017.

22. Please state all the date(s) that Officer Dischiavo were on duty at Charlotte Correctional Institution between August 1-15, 2017.

Response: Officer Dischiavo was on duty August 1, 4, 5, 6, 9, 10, 14, 15, 2017.

Def MSJ BS# 013

23. **Please state all the date(s) that Assistant Warden William were on duty at Charlotte Correctional Institution between August 1-15, 2017.**

    Response: Assistant Warden Williams worked on August 1, 10, 11, 12, 14, 15, 2017.

24. **Please state all the date(s) that you (Mr. Willis) were on duty at Charlotte Correctional Institution between August 1-15, 2017.**

    Response: I was on duty August 1, 2, 3, 6, 7, 8, 9, 11, 14, 15, 16, 2017.

25. **Please state whether or not you had the authority to transfer an inmate in August of 2017 or could have recommended to the State classification officer to transfer inmate for security or safety reasons.**

    Response: As a Warden, I did not have authority to transfer an inmate for security or safety reasons. As a Warden, I could not have recommended to the State Classification Officer to transfer an inmate for security of safety reasons. Only the ICT could have made this recommendation

Pursuant to 28 U.S.C.A. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August 21, 2020.

_____
John Willis, Defendant
Warden of Charlotte Correctional Institution.