UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:18-cv-00413-SPC-UAM

COREY MILLEDGE,

        Plaintiff,

v.

WILLIS, et al.,

        Defendants.
_____/

## DEFENDANT DISCHIAVO'S RESPONSE TO PLAINTIFF'S FIRST REQUEST OF INTERROGATORIES

Defendant SGT. DISCHIAVO, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 33 hereby serves *Defendant Sgt. Dischiavo's Response to Plaintiff's First Request for Interrogatories*.

                              Respectfully submitted,

                              ASHLEY BROOKE MOODY
                              ATTORNEY GENERAL

                              s/MELISSA LYNN EGGERS
                              Melissa Lynn Eggers (Fla Bar No.: 072506)
                              Office of the Attorney General
                              1515 North Flagler Drive, Suite 900
                              West Palm Beach, FL 33401
                              Telephone: 561-268-5218
                              Facsimile: 561-837-5102
                              Email:melissa.eggers@myfloridalegal.com
                              Attorney for Defendant
                              SGT. DISCHIAVO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2020, I U.S. mailed the foregoing document to

Corey Milledge, DC# Q12023
Florida State Prison
P.O. Box 800

**Def MSJ BS# 051**

Raiford, FL 32083

/s/ *Melissa L. Eggers*
Melissa L. Eggers
Assistant Attorney General

**Def MSJ BS# 052**

## DEFENDANT DISCHAVIO'S RESPONSE TO PLAINTIFF'S REQUEST FOR INTERROGATORIES

1. **Identify each person who has participated in answering these interrogatories.**

   Response: Myself and my attorney, Melissa Eggers.

2. **Please state the date(s), the name of the offence(s), the court, Jurisdiction, and the disposition of the charge(s) for which you were arrested if ever been arrested.**

   Responses: Objection. Defendant is over the age of 60; thus requesting 60 years' worth of information is unreasonable in time, scope, and relevancy. Archer v. City of Winter Haven, 2017 WL 3840435 at *4 (M.D. Fla. Sept. 1, 2017) Furthermore, Defendant has never been arrested in the prior ten years.

3. **Please state the date(s), name of inmate(s), the allegation(s), and result of the complaint if an inmate ever filed a grievance complaint against you involving or based on allegation(s) that you physically assaulted inmate or used excessive force on inmate from January 1, 2012 to the present.**

   Response: I am unaware of, nor do I recall any grievance filed against me during said time.

4. **Please state all position or rank you had while working for the Florida Department of Corrections, including the date(s) you held such position or rank.**

   Response: I began working with FDC in October 2015 as an Officer. In June 2018, I was promoted to Sergeant.

5. **Describe all disciplinary or corrective action against you during the time that you**

Def MSJ BS# 053

have worked for the Florida Department of Corrections, including the date of the incident on which the discipline arose and the disposition of the complaint.

Response: None

6. **Please state all duties you have or had while you worked at the Charlotte Correctional Institution on the date of the incident sued upon.**

Response: On the alleged date of the incident, I held the rank of Officer. Please see the request for production in response to the duties I held at that time. See also Fla. Admin. Code Ann. r. 33-208.001 for certain duties.

7. **Identify and described all policies and procedures at the time of the incident sued upon that must be followed if an officer used force on inmate.**

Response: See Fla. Admin. Code 33-602.210 generally and 33-602.210(9) for use of force procedures.

Objection to the disclosure of any internal manuals, procedures, and/or policies as irrelevant, unduly burdensome, and prohibited from disclosure as disclosure would jeopardize the safety and security of FDC, FDC's current and former employees, FDC inmates, and FDC visitors; and said documentation is not maintained by the individual Defendants, as it is the property of the FDC agency. See generally, §945.10 Fla. Stat. and § 119.071, Fla. Stat. To protect the institutional security and unreasonable and excessive demands on personnel and resources, an inmate does not have unrestricted and unlimited access to department records. § 945.10(3) Fla. Stat. Documentation which would jeopardize a person's safety, reveal a victim's statement and identity, are not open to public records. § 945.10(1), Fla. Stat. See also § 119.071,(3) and (4), Fla. Stat., (prohibition of

Def MSJ BS# 054

certain security and fire safety and agency personnel information). Said documents are not essential to plaintiffs cause of action and would jeopardize the security and safety of FDOC. See In re Sec'y, Florida Dep't of Corr., 2020 WL 1933170, at *1 (11th Cir. Mar. 30, 2020) (Release of sensitive information directly to represented Plaintiff-inmates was prohibited as it would cause a risk of safety and security to FDOC.) See also Ibanez v. Miller, 2009 WL 3481679, at *4 (E.D. Cal. Oct. 22, 2009) (Prison employees named in a 1983 action by pro se plaintiff-inmate were permitted to withhold prison documentation pertaining to alarms procedures as it would "jeopardize prison security and should be protected from disclosure under the Official Information Privilege.")

8. **Please state all oral statements that Plaintiff made to you, and you made to him before you used force on him on August 15, 2017.**

Response: Plaintiff would have direct knowledge of this information. Plaintiff's attention is directed to the video and documentation that has been provided in response to the requests for production. To the best of my recollection, Plaintiff was verbally abusive and was cussing at me. Further, Plaintiff indicated that he was not going to comply with my orders to engage in a strip search after finding a knife tied to himself.

9. **Please describe in full detail the incident occurred on August 15, 2017, giving all events in detail in the order in which they occurred before, at the time of, or after the occurrence, which had any bearing on the cause and the manner of the happening of the occurrence.**

Response:

On August 15, 2017, myself and Officer Sperling were on the compound when I observed

Plaintiff holding his groin area and having a black string tied to his wrist. Plaintiff was ordered to submit to a pat search. I conducted the pat search of Plaintiff in the mess hall area and found a 7-inch shank style knife concealed down the front of Plaintiff's pants with a black string tied to his writs. Plaintiff was immediately escorted to a different building so that a strip search could be conducted.

Plaintiff was brought into the Captain's office. Captain Barrett was not in his office at the time. Officer Sperling and I escorted Plaintiff to the bathroom area in the Captain's office towards the connecting training room.

While in the bathroom area of the Captain's office, Plaintiff refused orders to comply with a strip search. Plaintiff became aggressive, resistive to my physical control, was using profane, loud language towards me. Plaintiff became visibly agitated, began to physical move around, and ultimately rushed at me. Reactionary force was used to control Plaintiff. Plaintiff was then immediately moved to the training room, which was also connected to the bathroom area. Plaintiff was still aggressive and was placed on the ground in order to secure and control Plaintiff due to his physical reactions.

While on the ground, Office Cotte came to the training room with a handheld camera and Captain Barrett reported to the training room.

From the training room, Plaintiff was escorted by myself and Officer Sperling to medical which was located in the multi-purposed building. Officer Cotte followed along with Captain Barret. Once inside the multi-purpose building, as we were attempting to enter through a doorway, Plaintiff turned towards me and spit on my forehead. Reactionary force was applied to control Plaintiff who was taken down to the ground. Plaintiff was resistant and was ultimately controlled. A facemask, also known as a spit shield, was placed on Plaintiff's head. Plaintiff was then escorted to medical. Plaintiff then received a medical

Def MSJ BS# 056

evaluation.

At no point in time did anyone punch, kick, stomp on Plaintiff. At no time was unreasonable force was applied. At no point in time was Sgt. Cherry present. At no point in time was Officer Traupman present in the Captain's office, Captain's bathroom, the training room, or on the way to medical At no point in time was Captain Barrett present when we were in the Captain's office or bathroom area.

10. **Identify each person who touched, pushed, shoved, grabbed, kneed, kicked, struck, and or punched Plaintiff during the incident occurred on August 15, 2017, including the total number of times he touched, pushed, shoved, grabbed, kneed, kicked, struck, and or punched in parts of his body by the person identified above, and location where this took place.**

Response: Other than Officer Sperling, who assisted me with control over the Plaintiff as explained in my reports and seen in the video, I do not recall anyone else having physical contact with the plaintiff.

11. **Please state the name, rank, and identification number of each officer and inmate who saw or heard or was in a position to see or hear or who is believed to have information about the incident occurred on August 15, 2017.**

Response: While in the training room, Captain Barrett, Officer Cotte, Officer Sperling, and myself were present. I do not recall anyone else being present. As seen on the video, Plaintiff was escorted across the compound to medical and passed by various persons. I am unaware of who else saw or heard any of the events on August 15, 2017.

Def MSJ BS# 057

**12. Please state the name, rank and identification number of each officer and inmate who wrote a statement or gave oral statement about time incident occurred on August 15, 2017.**

Response: I do not know who wrote a statement or made any oral statements about the incident.

Pursuant to 28 U.S.C.A. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on August ___, 2020.

_____
SGT. JOHN DISCHIAVO, Defendant
Florida Department of Corrections

**Def MSJ BS# 058**